(124 So. 823)

No. 30320.

### STATE v. McGOULDRICK.

### In re EPSTEIN.

Oct. 29, 1929.

St. Clair Adams and Isaac Heller, both of New Orleans for relator.

L. H. Perez, of Dalcour, Dist. Atty., for respondent.

O'NIELL, C. J. Samuel Epstein filed a petition in this court, alleging that he was detained in prison in the parish of St. Bernard, as a material witness for the state, in a case entitled "State of Louisiana v. John McGouldrick," in which the defendant was charged with murder, and that he (Epstein) was denied the right to give bond for his appearance at the trial of the case. Hence he prayed for a writ of certiorari, and for an order of this court fixing a bond for his appearance as a witness on the trial of the case against McGouldrick. We issued the writ of certiorari, and a rule on the judge and the district attorney to show cause why Epstein should not be allowed to be released on bond, as provided for in articles 157, 158, and 159 of the Code of Criminal Procedure. The district judge sent up the record, in response to the writ of certiorari, and, in answer to

the rule, shows that he has since fixed the bond at $5,000, for the release of Epstein until such time as he may be called to testify at the trial of McGouldrick, or until it may appear, if it ever does appear, that his testimony will not be required.

█ Epstein has filed a supplemental petition, supported by an affidavit of a reputable citizen, in which it is alleged that the bond of $5,000 is excessive, and that Epstein cannot furnish a bond for that amount, but can furnish a bond for $2,000. He asks that we reduce the bond to $2,000, under authority of article 94 of the Code of Criminal Procedure.

Our opinion is that article 94 of the Code of Criminal Procedure applies only to cases where a person accused of crime is denied the right of bail, in a bailable case, or is required to give excessive bail, for his release from custody. The article does not apply to one who is detained in prison as a material witness. The articles which apply to his case are articles 157, 158, and 159. Article 158 provides that one who is held in custody as a material witness, "in default of giving bond for his appearance," may demand the right to give his testimony in writing before the judge having jurisdiction over the prosecution, in court or at chambers, after giving 48 hours' notice to the district attorney and to the defendant.

The relator, Epstein therefore, is not really held in custody in default of his giving a bond of $5,000 for his appearance as a witness at the trial of McGouldrick; he is held in custody in default of his either giving the bond or giving his testimony, at his option. The state of Louisiana is concerned only in obtaining his testimony, in which he is presumed to have no personal interest.

We do not doubt that, inasmuch as article 157 allows a material witness in a criminal case to be released on bond, he is entitled to have the bond fixed at a sum which shall not be manifestly excessive. But, if this court should ever deem it proper to interfere in such a case, by ordering a reduction of the bond, it would be under our general power of supervision over all other courts of the state, and not under authority of article 94 of the Code of Criminal Procedure, which is not applicable to such a case. Considering that the relator, Epstein, has the alternative of giving his testimony now, on 48 hours' notice to the district attorney and to the defendant, we do not find the bond of $5,000, fixed by the district judge, to be manifestly excessive, or abusive of his authority. The application for a reduction of the bond must therefore be refused, and, as the writ of certiorari and the rule to show cause have served their purpose, the writ and rule may as well be recalled.

█ The respondents judge and district attorney, before answering the rule, pleaded that it should be dismissed because of a failure of the relator to give notice of his intention to apply for the writ of certiorari and reduction of the bond. They refer to section 2 of rule XIII of the Rules of the Supreme Court. That rule was amended by an order of March 9, 1923, by the addition of a proviso: "That a failure to give such notice shall not, of itself, be a sufficient cause for dismissing the application or for recalling a rule nisi." See 152 La. vii.

For the reasons stated, the application of the relator for a reduction of the bond of $5,000 is denied, and the rule nisi issued herein is recalled.